IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA



Alexandria Division

Talton Young Gallimore,  )
    Petitioner,  )
  )
v.  )    1:10cv138 (AJT/IDD)
  )
Patricia Stansberry,  )
    Respondent.  )

MEMORANDUM ORDER

Talton Young Gallimore, was a federal inmate housed in the Eastern District of Virginia when he filed this pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, arguing that the holding of United States v. Begay, 553 U.S. 137 (2008) may be retroactively applied to the sentence of a federal prisoner in a proceeding pursuant to § 2241.[1] Gallimore is presently serving a sentence imposed by the District Court for the Middle District of North Carolina for his conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922 (g)(1). Gallimore was determined to be eligible for enhanced sentencing under the ACCA because of his prior convictions of burglary, use of explosives in an attempt to murder a County sheriff, and escape. The United States initially opposed the instant petition and filed a motion to dismiss, arguing both that this Court lacked jurisdiction to entertain the petition, and that the claim failed on the merits. However, as the result of intervening Supreme Court and Fourth Circuit authority, the United States now concedes that the District Court for the Eastern District of Virginia possesses jurisdiction over

---

[1] In Begay, the Court held that a New Mexico felony offense of driving under the influence of alcohol was not a "violent felony" within the meaning of the section of the Armed Career Criminal Act ("ACCA") that imposes a special mandatory 15-year prison term on felons who unlawfully possess a firearm and who have three or more convictions for violent felonies.

1

this § 2241 petition. Further, the United States acknowledges that petitioner is no longer eligible for a sentence above the otherwise-applicable ten year statutory maximum for a violation of 18 U.S.C. § 922 (g)(1), pursuant to Chambers v. United States, 555 U.S. 122 (2009) (holding that a failure-to-report offense that did not contain an element of physical force or involve conduct presenting a serious potential risk of physical injury did not qualify as a "violent felony" for purposes of ACCA sentence enhancement). This Court has undertaken an independent analysis of the issue of its jurisdiction in this matter, see United States v. Rodriguez, 433 F.3d 411, 414 n.6 (4th Cir. 2006), and concurs with the United States' conclusion that, under the pertinent facts of this case, § 2241 jurisdiction exists to adjudicate the instant petition pursuant to the "savings clause" of 28 U.S.C. § 2255(e). See In re Jones, 226 F.3d 328, 333 - 34 (4th Cir. 2000). Upon consideration of the parties' submissions and the above authorities, the Court also agrees with the United States' position that pursuant to United States v. Bethea, 603 F.3d 254 (4th Cir. 2010), petitioner's escape conviction no longer qualifies as a "violent felony" for purposes of ACCA sentence enhancement. Because it is conceded that "Gallimore has served the ten-year statutory maximum sentence for violation of 18 U.S.C. § 922 (g)," Resp. Supp. Mem. at 2, he is entitled to the habeas corpus relief he seeks, as the United States acknowledges. The writ accordingly will be granted, and petitioner's sentence will be vacated.

Also before the Court is petitioner's Motion for Release on Bail. Despite petitioner's entitlement to vacation of his current ACCA-enhanced sentence, the exhibits before this Court demonstrate that he has an extensive history of violent crime. It thus appears likely that he may be required to serve a period of supervised release. Petitioner requests that he be released in the Middle

District of North Carolina, which is the district both of his conviction and his current confinement,[2] and United States has no objection to that outcome. Accordingly, this Court will transfer this action to the United States District Court for the Middle District of North Carolina for immediate re-sentencing. Due to the difficulties inherent in this Court ordering supervision by a United States Probation Office in another state, petitioner's Motion for Release on Bail will be denied, without prejudice to petitioner's ability to renew his request in the District Court for the Middle District of North Carolina.

Accordingly, it is hereby

ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction (Docket # 7) be and is DENIED; and it is further

ORDERED that respondent's Motion for Extension of Time to File Response (Docket # 13) be and is DENIED AS MOOT; and it is further

ORDERED that this petition for writ of habeas corpus be and is GRANTED; and it is further

ORDERED that petitioner's sentence for violation of 18 U.S.C. § 922 (g)(1) entered in United States v. Gallimore, 1:99cr365 (M.D.N.C.) be and is VACATED; and it is further

ORDERED that the United States shall immediately communicate this decision to Gallimore's custodian and arrange for all appropriate adjustments to Gallimore's sentence; and it is further

ORDERED that this action that be and is TRANSFERRED to the United States District Court for the Middle District of North Carolina for re-sentencing; and it is further

---

[2]During the pendency of this action, petitioner was transferred to FCI Butner, which is geographically located within the boundaries of the Middle District of North Carolina.

ORDERED that petitioner's Motion for Release on Bail (Docket # 17) be and is DENIED WITHOUT PREJUDICE to petitioner's ability to renew his motion in the United States District Court for the Middle District of North Carolina.

The Clerk is directed to transfer all pleadings filed in this action and a copy of the docket sheet to the District Court for the Middle District of North Carolina, to send a copy of this Order to petitioner and to counsel for respondent, and to close this civil case.

Entered this 1st day of March 2011.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge